# EXHIBIT A

# (State Court Pleadings)

# State of South Carolina
# Office of the Secretary of State
## The Honorable Mark Hammond



1205 PENDLETON STREET, SUITE 525
COLUMBIA, SC 29201

803-734-2170
www.sos.sc.gov

February 10, 2022

ELECTRONIC CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Rightway Funding, LLC
Francis Schreiber - Registered Agent
5237 Summerlin Commons Suite 400
Fort Myers, FL 33907

RE: Rightway Funding, LLC, 2022-CP-32-00492

Dear Madam/Sir:

In accordance with South Carolina Code § 33-44-1008, we are enclosing herewith a copy of the Summons and Complaint in the above-entitled case. Service was accepted on February 9, 2022 and a copy has been duly filed in our office as of this date. The fee of $10.00 has been paid.

Yours very truly,

*Allyson Green*

Allyson Green
South Carolina Secretary of State's Office

Enclosures

cc:   Chase Keibler

      160 Spillway Blvd.
      Lexington, SC 29072

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LEXINGTON | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT |
| Chase Keibler<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Rightway Funding, LLC; Rightway Group, LLC; and BTG Advisors, LLC.<br><br>　　　　　Defendant. | Case No. 2022-CP-32_____<br><br>**SUMMONS**<br><br>RECEIVED<br>FEB 09 2022<br>SC SECRETARY OF STATE |

TO:   DEFENDANTS RIGHTWAY FUNDING, LLC, RIGHTWAY GROUP, LLC, and BTG ADVISORS, LLC

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　s/Chase C. Keibler

　　　　　　　　　　　　　　　　　*Pro se* Plaintiff
　　　　　　　　　　　　　　　　　160 Spillway Blvd.
　　　　　　　　　　　　　　　　　Lexington, SC 29072
　　　　　　　　　　　　　　　　　Chase.Keibler@gmail.com
　　　　　　　　　　　　　　　　　724-972-2087

February 8, 2022
Lexington, South Carolina

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF LEXINGTON | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT |
| Chase Keibler | Case No. 2022-CP-32-_____ |
| Plaintiff, | |
| v. | COMPLAINT |
| Rightway Funding, LLC; Rightway Group, LLC; and BTG Advisors, LLC | (JURY TRIAL DEMANDED) |
| Defendant. | |

Plaintiff Chase Keibler ("Plaintiff" or "Keibler"), on behalf of himself and representing himself *pro se*, makes the following allegations against Defendants Rightway Funding, LLC ("Rightway"), Rightway Group, LLC ("Rightway Group"), and BTG Advisors, LLC ("BTG") (collectively referred to as "Defendants") and based upon Plaintiff's own knowledge, information, and investigate and hereby alleges as follows:

### Preliminary Statement

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, general prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2343, 207 L. Ed. 2d 784 (2020).

2. In addition to the TCPA, Plaintiff also alleges Defendants violated the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code Ann. §§ 37-21-10, et seq.

ELECTRONICALLY FILED - 2022 Feb 08 4:16 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3200492

3. Plaintiff alleges that Defendants sent him multiple calls and text messages to a number listed on the National Do Not Call Registry, which violates both the TCPA and the SCTPPA.

## Parties and Jurisdiction

4. Plaintiff is a citizen and resident of Lexington County, South Carolina.

5. Defendant BTG Advisors, LLC ("BTG") is a Florida limited liability company with its principal place of business located at 5550 Glades Road, 5th Floor, Boca Raton, FL 33431.

6. BTG's "Authorized Person(s)" is Russel Kaplan.

7. Defendant Rightway Group, LLC ("Rightway Group") is a Florida limited liability company with its principal place of business located at 600 Corporate Drive, Suite 105, Fort Lauderdale, FL 33334.

8. Rightway Group's two "Authorized Person(s)" are Russel Kaplan and Francis Shreiber.

9. Defendant Rightway Funding, LLC ("Rightway Funding") is a Florida limited liability company with its principal place of business located at 600 Corporate Drive., Suite 105, Fort Lauderdale, FL 33334.

10. Rightway Funding's "Authorized Person(s)" is Francis Shreiber.

11. Upon information and belief as of at least June 2020, Russel Kaplan served as the Managing Director of Rightway Funding.

## The Telephone Consumer Protection Act

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

2

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.     § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

14.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### The South Carolina Telephone Privacy Protection Act

17.     On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, *et seq*.

18.     The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

19.     The SCTPPA also prohibits, *inter alia*, a party from "initiate a call or text message" … "with the intent to defraud, harass, or wrongfully obtain anything of value [such as] financial resources" … while displaying a "South Carolina area code on the recipient's caller identification

ELECTRONICALLY FILED - 2022 Feb 08 4:16 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3200492

system unless the person … initiating the call or text message maintains a physical presence in the State."

20. In other words, South Carolina made it a violation of the SCTPPA for marketers to "spoof" in-state area codes unless the caller is, in fact, in the state of South Carolina.

21. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

### Factual Allegations

22. Upon information and belief, Defendants work together to try to purchase structured settlements at an enormously discounted price.

23. Upon information and belief, Rightway Funding is a "GET CASH NOW" company that purchases individual's structure settlements, annuity payments, or lottery winnings. https://www.rightwayfunding.com/rightway-funding

24. Upon information and belief, BTG's slogan is "Get your money fast with BTG," and it purchases individual's annuities, structured settlements, and/or lottery winnings. http://btgadvisors.com/

25. Upon information and belief, Defendants' employees list their employer as "BTG Advisors Rightway Funding."

26. Plaintiff is a natural person.

27. Plaintiff has an annuity in which he periodically receives payments.

28. Plaintiff's cellphone number is (724) 972-2087 (hereinafter "Keibler's Cellphone Number").

4

29. Keibler's Cellphone Number has been on the National Do Not Call Registry since August 30, 2005.

30. Keibler's Cellphone Number is used for residential purposes.

31. Keibler's Cellphone Number is not associated with a business.

32. On at least three occasions from February 1, 2018 to the present, though likely many more, Defendants called Keibler's Cellphone Number.

33. Around 2019, Plaintiff spoke with a representative of Defendants and demanded that they stop contacting him and that he was not interested in selling his annuity to Defendants. ("First Demand to Stop Contacting").

34. Defendants texted Keibler's Cellphone Number at least eight times between November 21, 2019 and May 9, 2021.

35. The text messages came from the number 954-997-1659.

36. The text messages contained vague and misleading messages such as "2ND ATTEMPT Please Call" and "FINAL ATTEMPT Please Call."

37. The July, 28, 2020 "FINAL ATTEMPT" text message was, indeed, not Defendants' final attempt.

38. Plaintiff rejected all text messages.

39. The text messages were scripted and often repeated, indicating that they were sent *en masse*.

40. On March 9, 2021, Plaintiff responded to the text messages from 954-997-1659 and stated, "Do not text or call. I live in South Carolina where it is illegal to solicit via texts and calls – S.C. Code Ann. § 37-21-10. Please do not contact me again in any form." ("Second Demand to Stop Contacting").

41.     Almost immediately after sending this text message instructing Defendants to "not contact me again in any form," Defendants began calling Plaintiff's office phone number from spoofed 803 numbers.

42.     On April 6, 2021, Defendants called Plaintiff's direct-line office phone number, 803-540-2187 and left a voicemail.

43.     The call came from a spoofed 803 number, 803-973-6920.

44.     On May 4, 2021, Defendants called Plaintiff's direct-line office phone number and spoke to Plaintiff. While on the phone with Defendants, Plaintiff stated that he previously requested they do not call him, and he demanded they do not call him again in the future. ("Third Demand to Stop Contacting").

45.     The next day on May 5, 2021, Defendants again call Keibler's Cellphone Number. Plaintiff answered and the Defendants' agent or employee stated they were "newly assigned to the case." Plaintiff demanded they stop calling him or seeking to contact him in any form and put him on their do not call list. ("Fourth Demand to Stop Contacting").

46.     The May 5, 2021 call came from the number 954-641-8800.

47.     On July 13, 2021, Defendants, again, contacted Plaintiff's direct-line office number after being instructed to stop. Plaintiff answered and stated this is a work number, that he previously told them do not call me or this number, and he demanded they stop calling me. ("Fifth Demand to Stop Contacting").

48.     Upon information and belief, on the July 13, 2021 call the Defendants' employee or agent's name was Helen.

49.     All calls from Defendants to Plaintiff's direct-office line were specific attempts to contact Plaintiff to purchase his annuity.

6

50. The July 13, 2021 call came from a spoof 803 number, 803-973-6921.

51. The calls did not stop.

52. On November 18, 2021, Defendants called Keibler's Cellphone Number and left a voicemail with a deceptive, vague, and cryptic message demanding that I call them back.

53. The November 18, 2021 voicemail left by Defendants' employee or agent states, "Hey you, this is Lorenzo. I'm reaching out to give you an update on your insurance policy. My number is 954-651-9877, 954-651-9877. Once again this is Lorenzo."

54. Upon information and belief, Plaintiff received phone calls and/or text messages from Defendants from the following numbers:

    a. 954-654-7855;

    b. 954-997-1659;

    c. 954-641-8800;

    d. 954-651-9877;

    e. 803-973-6921;

    f. 803-973-6920;

    g. And other numbers not included in this list

55. Upon information and belief, Defendants contacted Plaintiff on dozens of other occasions on other phone numbers not listed in this Complaint.

56. At least five times, Plaintiff demanded Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf stop contacting him in any form or way.

57. Each time Plaintiff spoke with Defendants and/or its agents, Plaintiff was led to believe there was a change in his annuity or that his annuity needed some type of immediate attention.

58. This representation was false.

59. Defendants also periodically send mailers offering "Free Omaha Steaks" in exchange for Defendants purchasing or seeking information regarding Plaintiff's annuity.

60. To recap, Keibler's Cellphone Number has been on the National Do Not Call Registry since August 30, 2005.

61. Defendants have been contacting Plaintiff since at least 2018 seeking to purchase his annuity.

62. On or around 2019, Plaintiff instructed Defendants to not contact him again and that he was not interested in selling his annuity.

63. Defendants texted Keibler's Cellphone Number on at least the following dates:
    a. 11/21/2019
    b. 12/2/2019
    c. 12/6/2019
    d. 7/13/2020
    e. 7/21/2020
    f. 7/28/2020
    g. 2/25/2021
    h. 3/9/2021

64. On 3/9/2021, Keibler responded to the text messages and demanded they "not contact me again in any form."

8

65. Defendants contact Keibler's direct-office number on at least the following dates from spoofed 803 numbers:

   a. 4/6/2021
   b. 5/4/2021
   c. 7/13/2021

66. On 5/4/2021 and on 7/13/2021, Plaintiff spoke with Defendants' agents or employees and demanded they never contact him again in any form.

67. Defendants contact Keibler's Cellphone Number on at least the following dates:

   a. 5/5/2021
   b. 11/18/2021

68. On the 5/5/2021, Plaintiff instructed Defendants' employee or agent to not contact him in any form again.

69. Defendants' business model is to buy individual's structured settlements, annuity payments, and/or lottery winnings.

70. Plaintiff has an annuity that provides routine payments.

71. Defendants' directly targeted Plaintiff without Plaintiff having inquired about their services to purchase his annuity and ignored the National Do Not Call Registry, Plaintiff's text message request to stop contacting him, and Plaintiff's verbal demands to stop contacting him.

72. After Plaintiff requested Defendant to "never contact me again in any form," Defendants' researched Plaintiff, located his direct-line office number and began soliciting calls from him with spoofed 803 numbers.

73. Plaintiff did not request any information regarding an insurance policy or wanting to sell his annuity.

74. Defendants do not have written consent or any form of consent or permission to contact Plaintiff.

75. Alternatively, any consent that may have been provided, which Plaintiff denies, was expressly revoked multiple times.

76. Upon information and belief, Defendants relied on an autodialer, including any equipment that has the capacity to store and dial numbers, regardless of whether those numbers were generated by a random or sequential number generator.

77. Plaintiff continues to receive unwanted solicitations from Defendants.

78. Plaintiff was harmed and had his privacy invaded.

### FOR A FIRST CAUSE OF ACTION
### (Violation of SC Telephone Privacy Protection Act)

79. The above allegations are repeated and realleged as if set forth herein.

80. The Defendants violated the SCTPPA by contacting Keibler's Cellphone Number that was listed on the National Do Not Call Registry.

81. Defendants violated the SCTPPA by contacting Plaintiff's direct-line office number after Plaintiff instructed Defendants to never contact him again in any form and, specifically, to never contact his direct-line office number.

82. Defendants violated the SCTPPA by spoofing local numbers without having a physical location in South Carolina.

83. Defendants' employees or agents failed to identify themselves and provide the name of the person or entity on whose behalf the telephone solicitation is being made during the telemarketing calls and voicemails in violation of the SCTPPA.

84. As a result of Defendants', and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the SCTPPA, Plaintiff is presumptively entitled to an award of between $1000 and $5000 in damages for each call and/or text made.

85. Plaintiff seeks damages and an injunction, which the SCTPPA explicitly permits, preventing any of the Defendants from contacting Plaintiff and/or Keibler's Cellphone Number.

## FOR A SECOND CAUSE OF ACTION
### (Violations TCPA, 47 U.S.C. § 227 & 47 C.F.R. § 64.1200(c))

86. The above allegations are repeated and reallaged as if set forth herein.

87. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except of emergency purposes, to Plaintiff despite Plaintiff's number being on the National Do Not Call Registry.

88. Defendants violated the Telephone Consumer Protection Act by contacting Plaintiff's direct-line office number after Plaintiff instructed Defendants to never contact him again in any form and, specifically, to never contact his direct-line office number.

89. Defendants' violations were negligent, willful, or knowing.

90. As a result of Defendants', and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff is presumptively entitled to an award of between $500 and $1,500 in damages for each call and/or text made.

91. Plaintiff also is entitled to and does seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls or text messages to Keibler's Cellphone Number.

## FOR A THIRD CAUSE OF ACTION

**(Violation of South Carolina Unfair and Deceptive Trade Practices Act)**

92. The above allegations are repeated and realleged as if set forth herein.

93. The South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 *et seq.* (the "Act"), prohibits unfair methods of competition and unfair or deceptive acts.

94. Defendants knew or should have known Keibler's Cellphone Number was on the National Do Not Call Registry.

95. In a predatory manner, Defendants' actively sought our Plaintiff in order to purchase his annuity.

96. Defendants concealed their scheme by telling Plaintiff there was "an update to [his] insurance policy" and that he must call back now.

97. Defendants knew there was not an update to Plaintiff's insurance policy, but rather used it as a plow to try to purchase his annuity.

98. Defendants' used deceptive and unfair methods to convince Plaintiff to (1) stay on the phone, (2) return calls, (3) return text messages, and (4) sell his annuity.

99. Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf used deceptive methods by failing to state who they worked for or provided false information about who they worked for.

100. On at least five occasions, Plaintiff instructed Defendants to never contact him again in any form.

101. Defendants refused Plaintiffs' request and continued to barrage him with calls, text messages, and voicemails.

102. Defendant's actions set forth herein occurred while Defendant was engaged in "trade" or "commerce" as those terms are defined in S.C. Code Ann. § 39-5-10.

103. Defendant's actions are a willful and knowing violation of the Act with total disregard for the rights of Plaintiff and the public interest.

104. Defendant's actions have strong potential for repetition, and likely are frequently repeated for individuals who have structured settlements, annuities, or routine lottery payments, thereby making it likely Defendant will continue to operate in an unfair or deceptive method without deterrence.

105. As a result of Defendant's willful conduct, Defendant should pay actual damages, treble damages, and attorneys' fees and costs, as provided by the Act.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. That the Court enter a judgment permanently enjoining the Defendants from purposefully calling Plaintiff on any phone number, including but not limited to Keibler's Cellphone Number or any of Plaintiff's work-related numbers;

B. That the Court enter a judgment awarding Plaintiff statutory damages of $1,000 for each violation (at least 15, but likely many more) of the SCTPPA and $5,000 for each knowing and willful violation of the SCTPPA;

C. That the Court enter a judgment awarding Plaintiff statutory damages of $500 for each violation (at least 15, but likely many more) of the TCPA and $1,500 for each knowing and willful violation of the TCPA;

D. That the Court enter a judgment against Defendants to compensate Plaintiff for, among other things, the loss of profitability spent taking Defendants' calls and text messages and the loss and invasion of privacy;

E. That the Court award punitive damages against the Defendants for the fraudulent and/or deceptive scheme perpetrated upon plaintiff by the Defendants in a willful, wanton, and reckless manner;

F. That the Court enter an award of reasonable attorneys' fees and costs; and

G. That the Court grant Plaintiff such other and further relief as it deems just and proper.

/s/ Chase C. Keibler

*Pro se Plaintiff*
160 Spillway Blvd.
Lexington, SC 29072
Chase.Keibler@gmail.com
724-972-2087

January 28, 2022
Lexington, South Carolina

ELECTRONICALLY FILED - 2022 Feb 08 4:16 PM - LEXINGTON - COMMON PLEAS - CASE#2022CP3200492